UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY | ) ) ) | |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:16-cv-2494 |
| SKOUTERIS WALK, PLLC | ) ) | |
| Serve: William B. Walk, Jr.<br>431 South Main Street, Suite 200<br>Memphis, Tennessee 38103-6402 | ) ) ) ) ) | |
| WILLIAM B. WALK, JR. | ) ) | |
| Serve: William B. Walk, Jr.<br>431 South Main Street, Suite 200<br>Memphis, Tennessee 38103-6402 | ) ) ) ) ) | |
| MICHAEL C. SKOUTERIS | ) ) | |
| Serve: Michael C. Skouteris<br>1200 Natchez 16<br>Memphis, Tennessee 38103 | ) ) ) ) ) | |
| MARCI LAVERDET | ) ) | |
| Serve: Marci Laverdet<br>1510 Laun Place<br>Lakeland, Florida 33803 | ) ) ) ) ) | |
| And | ) ) | |
| DARLINE MAY, as the Attorney in Fact for and Next Friend of Scharlene Cain | ) ) ) | |
| Serve: Darline May<br>501 Robey Street<br>Franklin, Kentucky 42134 | ) ) ) ) | |
| DEFENDANTS. | ) | |

## PETITION FOR DECLARATORY JUDGMENT

Plaintiff, American Economy Insurance Company ("American Economy"), for its Petition for Declaratory Judgment ("Petition"), states as follows:

1. This is an action by American Economy against Skouteris Walk, PLLC ("Skouteris Walk"), William B. Walk, Jr., Michael C. Skouteris, Marci Laverdet, and Darline May, as the Attorney in Fact and next Friend of Scharlene Cain, for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57. American Economy seeks a declaration that it has neither a duty to defend nor a duty to indemnify Skouteris Walk, Mr. Walk or Mr. Skouteris with regard to any claims asserted by Ms. Laverdet in the civil action pending in the Chancery Court for the Thirtieth Judicial District of Tennessee, at Memphis, and styled *Marci Laverdet v. Michael C. Skouteris, et al.*, Case No. CH-16-0538-3 (the "Laverdet Suit"). American Economy also seeks a declaration that it has neither a duty to defend nor a duty to indemnify Skouteris Walk, Mr. Walk or Mr. Skouteris with regard to any claims asserted by Ms. May in the civil action pending in the Circuit Court for Robertson County, Tennessee, at Springfield, and styled *Darline May, as the Attorney in Fact for and next Friend of Scharlene Cain v. William B. Walk, Jr., et al.*, Case No. 74CC1-2016-CV-232 (the "May/Cain Suit").

## THE PARTIES

2. American Economy is an insurance company organized under the laws of the State of Indiana, with its principal place of business in the Commonwealth of Massachusetts. American Economy is licensed to do business in the State of Tennessee.

3. Upon information and belief, Skouteris Walk is a professional limited liability company organized under the laws of the State of Tennessee with its principal place of business located in Memphis, Tennessee.

4. Upon further information and belief, Skouteris Walk has two members – Mr. Walk and Mr. Skouteris, who are also named individually as Defendants.

5. Mr. Walk is the managing member of Skouteris Walk.

6. Mr. Walk and Mr. Skouteris are both citizens of the State of Tennessee.

7. As of the date of filing of this Petition, the Tennessee Secretary of State's website lists Skouteris Walk as "inactive" and indicates the entity was administratively dissolved as of August 8, 2015.

8. The records available from the Tennessee Secretary of State also indicate Skouteris Walk does not currently have a registered agent for service of process.

9. Ms. Laverdet is a citizen of the State of Florida and is the plaintiff in the Laverdet Suit.

10. Ms. May and Ms. Cain are citizens of the Commonwealth of Kentucky and are the plaintiffs in the May/Cain Suit.

11. Upon information and belief, Ms. May and Ms. Cain are sisters.

**JURISDICTION AND VENUE**

12. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a) because there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

13. Venue is proper in the Western District of Tennessee, Western Division pursuant to 28 U.S.C. §1391(b), 28 U.S.C. § 123(c)(2), and LR 3.3 because a substantial part of the events giving rise to the claim occurred in this judicial district.

14. There is an actual controversy existing between the parties regarding whether American Economy is obligated, under an insurance policy issued to the named insured Skouteris Walk LLC, to defend and indemnify Skouteris Walk, Mr. Walk, and/or Mr. Skouteris with regard to any claims asserted in either the Laverdet Suit or the May/Cain Suit.

15. American Economy has no adequate remedy at law, and this is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

## THE POLICY

1. "Skouteris Walk LLC" is the named insured on an "Ultra Select Policy," Policy Number 02-BP-742753-8, issued by American Economy on a renewal basis for the period from June 26, 2015 to June 26, 2016 (the "Policy").  The Policy was cancelled effective September 27, 2015 for non-payment of premiums and provides no coverage for any occurrence after this date. The Policy was a renewal of a policy issued to the named insured "Skouteris & Magee, PLLC" for the period from June 26, 2013 to June 26, 2014 (No. 02-BP-742753-6) and a policy issued thereto for the period from June 26, 2014 to June 26, 2015 (No. 02-BP-742753-7).

2. A true and accurate copy of the Policy, including also a copy of the policy issued for the period from June 26, 2014 to June 26, 2015 (No. 02-BP-742753-7), is attached as **Exhibit A** to this Petition.

3. The Policy was issued to the policyholder in Tennessee.

4. The Policy's insuring agreement for business liability coverage provides, in relevant part:

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

    **b.**    This insurance applies:

        **(1)**    To "bodily injury" and "property damage" only if:

            **(a)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            **(b)**    The "bodily injury" or "property damage" occurs during the policy period; and

            **(c)**    Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. . . .

5.    The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

6.    The Policy defines "property damage" as:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

7.    The Policy includes the following relevant exclusions to business liability coverage:

This insurance does not apply to:

- 5 -

    **a.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    **b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

    **(1)**    That the insured would have in the absence of the contract or agreement; or

    **(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

    **j.**    **Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service.  This includes but is not limited to:

    **(1)**    Legal, accounting or advertising services;

    **(2)**    Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

    **(3)**    Supervisory, inspection or engineering services;

    **(4)**    Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

    **(5)**    Any health or therapeutic service treatment, advice or instruction;

    **(6)**    Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

    **(7)**    Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

    **(8)**    Body piercing services; and

    **(9)**    Services in the practice of pharmacy. . . .

    **k.**    **Damage To Property**

"Property damage" to . . . [:]

      (4)      Personal property in the care, custody or control of the insured . . . .

8. The Policy also contains an endorsement entitled "Exclusion – Personal and Advertising Injury" (Form BP 04 37 07 02) which eliminates any coverage for an insured's liability for damages because of "personal and advertising injury."

## THE LAVERDET SUIT

9. The Complaint in the Laverdet Suit was filed in March 2016 and is styled, "Complaint for Money Damages for Misappropriation and/or Conversion of Attorney-Client Trust Funds." A copy of the Complaint in the Laverdet Suit (the "Laverdet Complaint") is attached as **Exhibit B** to this Petition.

10. The Laverdet Complaint alleges that Marci Laverdet is the daughter of Marcel Georges Laverdet, who died in April 2012.

11. The Laverdet Complaint alleges that in August 2012, a personal injury/wrongful death lawsuit was filed in Tennessee by Joe Mendoza on behalf of Marcel Georges Laverdet.

12. The Laverdet Complaint alleges that on August 20, 2014, Michael Skouteris and Skouteris Walk filed an amended complaint in the personal injury/wrongful death lawsuit and "thereby became attorneys of record for the heirs of Marcel Georges Laverdet."

13. The Laverdet Complaint alleges that in November 2014, Mr. Skouteris communicated to Ms. Laverdet and her brother that the claims against one of the defendants in the personal injury/wrongful death suit had resulted in a settlement (referred to in the Laverdet Complaint as "Settlement #1") and Mr. Skouteris represented that he would retain the settlement proceeds in Skouteris Walk's escrow account pending the resolution of claims by the heirs of Marcel Georges Laverdet.

14. The Laverdet Complaint alleges that in September 2015, Mr. Skouteris participated in a judicial settlement conference that resulted in the settlement of the claims against the remaining defendant in the personal injury/wrongful death suit (referred to in the Complaint as "Settlement #2").

15. The Laverdet Complaint alleges that in conjunction with the judicial settlement conference in September 2015, Joe Mendoza and the heirs of Marcel George Laverdet also entered into a settlement agreement, "procured" by Mr. Skouteris and Skouteris Walk, in which the parties agreed to a division of the proceeds from Settlement #1.

16. The Laverdet Complaint alleges that the proceeds of Settlement #2 were properly disbursed, but that Mr. Skouteris evaded questions about the status of the proceeds of Settlement #1 and falsely represented to Ms. Laverdet and her attorney that the proceeds of Settlement #1 were being safeguarded.

17. The Laverdet Complaint alleges Ms. Laverdet learned in late December 2015 / early January 2016 that Mr. Skouteris had not deposited the proceeds of Settlement #1 in the escrow account "as he had represented, and that he was ethically bound to do," but that Mr. Skouteris had instead "misappropriated and/or converted the proceeds of Settlement #1 to his own use . . . ."

18. The Laverdet Complaint alleges both Mr. Skouteris and Skouteris Walk "were obligated to safeguard the proceeds of Settlement #1 as attorney-client trust funds, and were not authorized to misappropriate and/or convert the proceeds of Settlement #1 or to transfer those proceeds to Skouteris' personal accounts for his personal use . . . ."

19. The Laverdet Complaint requests a judgment for monetary damages against Mr. Skouteris and Skouteris Walk, jointly and severally, "in an amount not to exceed $150,000," together with prejudgment interest.

20. The Laverdet Complaint also seeks an award of exemplary damages.

### THE MAY/CAIN SUIT

21. The Complaint in the May/Cain Suit was filed in May 2016, and a copy of the Complaint in the May/Cain Suit (the "May/Cain Complaint") is attached as **Exhibit C** to this Petition.

22. The May/Cain Complaint states in numerical paragraph (1) that it is an "action for legal malpractice."

23. The May/Cain Complaint alleges that Mr. Skouteris, Mr. Walk, and the law firm of Skouteris Walk previously filed a civil action in the name of Ms. May on behalf of Ms. Cain styled: *Darline May v. NHC Healthcare/Springfield, LLC, Docket Number 74 CC2-2015-CV-439*.

24. The May/Cain Complaint alleges that the Circuit Court of Robertson County, Tennessee entered an Order Approving Settlement of Ms. May's civil action against NHC Healthcare/Springfield, LLC on July 21, 2015 in the amount of $200,000.

25. The May/Cain Complaint alleges that the "Order Approving the Settlement in the civil action provided that, 'the sum of $66,666.67 plus $1,051.30 in expenses will be paid to Skouteris Walk, PLLC' and that 'the remaining $132,282.03 of the settlement will be paid to the Clerk of the Court for the Circuit Court of Robertson County, Tennessee.'"

26. The May/Cain Complaint alleges on information and belief that counsel for the defendants in the May/Cain Suit paid "the entire settlement proceeds to an Associate Attorney for Skouteris Walk, PLLC, rather than paying said sums to the Clerk of the Court as Ordered by the Court."

27. The May/Cain Complaint alleges that the "settlement funds were converted and misappropriated by Defendants Michael Skouteris, William B. Walk, Jr., and/or Skouteris Walk, PLLC."

28. In the alternative, the May/Cain Complaint alleges that "the Defendant, William B. Walk, Jr. knew or should have known that his partner, Defendant Michael Skouteris, was misappropriating and mishandling client funds and that he could have and should have prevented the theft and misappropriation of the Plaintiff's settlement funds."

29. The May/Cain Complaint alleges that Mr. Walk "had a duty to monitor and manage the activities of his law firm's trust account and that Defendant William B. Walk, Jr., negligently failed to monitor and manage the trust accounts of Skouteris Walk, PLLC and as a result of his neglect, failures and omissions the settlement proceeds of the Plaintiff were misappropriated and stolen."

30. The May/Cain Complaint demands a judgment for monetary damages against Mr. Skouteris, Mr. Walk, and Skouteris Walk, along with the other defendants, jointly and severally, "in an amount not to exceed $750,000," together with prejudgment interest.

31. The May/Cain Complaint also seeks an award of punitive damages against Mr. Skouteris and Mr. Walk in the amount of $750,000.

**TENDER OF DEFENSE AND RESERVATION OF RIGHTS**

32. In April 2016, Mr. Walk forwarded the Laverdet Complaint to American Economy and asked it to provide a defense for Skouteris Walk under the Policy.

33. In May 2016, Mr. Walk forwarded the May/Cain Complaint to American Economy and asked it to provide a defense to Mr. Walk and to Skouteris Walk under the Policy.

34. The Policy does not provide legal malpractice coverage, and Skouteris Walk and Mr. Walk did not otherwise purchase malpractice insurance coverage from American Economy.

35. Upon information and belief, Skouteris Walk does not currently maintain legal malpractice insurance.

36. Upon information and belief, Skouteris Walk's prior malpractice insurance with another carrier lapsed over two years ago.

37. American Economy has agreed to provide Skouteris Walk with a defense in the Laverdet Suit, subject to a reservation of rights.

38. American Economy has agreed to provide Skouteris Walk and Mr. Walk with a defense in the May/Cain Suit, subject to a reservation of rights.

39. American Economy's reservation of rights with respect to Skouteris Walk includes the stated right to seek reimbursement for attorney's fees and defense costs paid on behalf of Skouteris Walk if it is judicially determined that American Economy does not have any obligation to defend Skouteris Walk under the Policy.

40. Similarly, American Economy's reservation of rights with respect to Mr. Walk includes the stated right to seek reimbursement for attorney's fees and defense costs paid on his behalf if it is judicially determined that American Economy does not have any obligation to defend him under the Policy.

41. In May 2016, Mr. Walk filed a Complaint on his own behalf and derivatively on behalf of Skouteris Walk against Mr. Skouteris alleging Fraud, Breach of Fiduciary Duty, Conversion, Accounting, Indemnity, Contribution, and seeking a Declaratory Judgment. (A copy of this Complaint is attached as **Exhibit D** to this Petition.)

### FIRST CLAIM FOR DECLARATORY RELIEF
### (No "Bodily Injury" or "Property Damage")

42. American Economy reaffirms and realleges each and every allegation contained in its Petition as if set forth fully herein.

43. The Laverdet Suit seeks damages from Skouteris Walk and Mr. Skouteris that are not covered under the Policy.

44. The May/Cain Suit seeks damages from Skouteris Walk, Mr. Skouteris, and Mr. Walk that are not covered under the Policy.

45. As set forth therein, the Policy provides coverage only for an insured's liability to pay damages because of "bodily injury" or "property damage."

46. Neither the Laverdet Suit nor the May/Cain Suit alleges "bodily injury" or "property damage" as defined in the Policy.

47. The claims in the Laverdet Suit and the May/Cain Suit are based entirely on the alleged loss of intangible settlement funds, not bodily injury or any damage to, or loss of use of, "tangible property."

48. American Economy is therefore entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk or Mr. Skouteris in the Laverdet Suit, and that American Economy has no duty to defend Skouteris Walk or Mr. Skouteris in the Laverdet Suit.

49. American Economy is also entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit, and that American Economy has no duty to defend Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit.

## SECOND CLAIM FOR DECLARATORY RELIEF
### (No "Occurrence")

50. American Economy reaffirms and realleges each and every allegation contained in its Petition as if set forth fully herein.

51. As set forth therein, the Policy provides coverage only for bodily injury or property damage caused by an "occurrence" as defined in the Policy.

52. Neither the Laverdet Suit nor the May/Cain Suit alleges an "occurrence" as defined in the Policy.

53. Ms. Laverdet does not allege any accidental injury.

54. The Laverdet Suit alleges that Mr. Skouteris, acting on his own behalf and as an agent of Skouteris Walk, misappropriated client settlement funds for his own personal use and misrepresented facts to Ms. Laverdet and her attorney regarding the status of those funds.

55. Ms. May does not allege any accidental injury.

56. The May/Cain Suit alleges that Mr. Skouteris and Mr. Walk converted and misappropriated client settlement funds.

57. American Economy is therefore entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk or Mr. Skouteris in the Laverdet Suit, and that American Economy has no duty to defend Skouteris Walk or Mr. Skouteris in the Laverdet Suit.

58.     American Economy is also entitled to a declaration that the Policy provides no coverage for the claims against Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit, and that American Economy has no duty to defend Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit.

**THIRD CLAIM FOR DECLARATORY RELIEF**
**(Expected or Intended Injury Exclusion)**

59.     American Economy reaffirms and realleges each and every allegation contained in its Petition as if set forth fully herein.

60.     As set forth therein, the Policy does not provide coverage for bodily injury or property damage "expected or intended from the standpoint of the insured."

61.     To the extent the Laverdet Suit and/or the May/Cain Suit seek damages for any alleged "property damage" as defined in the Policy, such alleged damage was expected or intended from the standpoint of the policyholder.

62.     American Economy is therefore entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk or any claims against Mr. Skouteris in the Laverdet Suit, and that American Economy has no duty to defend Skouteris Walk or Mr. Skouteris in the Laverdet Suit.

63.     American Economy is also entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit, and that American Economy has no duty to defend Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit.

## FOURTH CLAIM FOR DECLARATORY RELIEF
### (Professional Services Exclusion)

64. American Economy reaffirms and realleges each and every allegation contained in its Petition as if set forth fully herein.

65. The Policy does not provide coverage for bodily injury or property damage "caused by the rendering or failure to render any professional service." The exclusion specifically includes, but is not limited to, legal services.

66. To the extent the Laverdet Suit or the May/Cain Suit seek damages for any alleged "property damage" as defined in the Policy, such alleged damage was caused by the rendering or failure to render legal services.

67. The claims in the Laverdet Suit are explicitly based on Mr. Skouteris's alleged actions and omissions as an attorney with Skouteris Walk, a law firm.

68. The Laverdet Complaint alleges Mr. Skouteris and Skouteris Walk were "attorneys of record" for Ms. Laverdet and the other heirs of Marcel Georges Laverdet.

69. The Laverdet Complaint alleges Mr. Skouteris, as an attorney and as an agent of Skouteris Walk, procured settlements with the defendants in a wrongful death lawsuit on behalf of the estate of Ms. Laverdet's deceased father, negotiated a further settlement among the decedent's heirs regarding the allocation of settlement proceeds, and misrepresented that the undisbursed settlement proceeds had been deposited and remained secured in Skouteris Walk's escrow account.

70. The May/Cain Complaint alleges that it is an "action for legal malpractice" and alleges "acts and omissions" of Mr. Skouteris and Mr. Walk with the Skouteris Walk law firm.

71. American Economy is therefore entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk or any claims against Mr. Skouteris in the

Laverdet Suit, and that American Economy has no duty to defend Skouteris Walk or Mr. Skouteris in the Laverdet Suit.

72. American Economy is also entitled to a declaration that the Policy provides no coverage for any claims against Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit, and that American Economy has no duty to defend Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit.

<b><u>FIFTH CLAIM FOR DECLARATORY RELIEF</u></b><br><b><u>(Care, Custody or Control Exclusion)</u></b>

73. American Economy reaffirms and realleges each and every allegation contained in its Petition as if set forth fully herein.

74. As set forth therein, the Policy does not cover damage to "[p]ersonal property in the care, custody or control of the insured[.]"

75. To the extent the Laverdet Suit seeks damages for alleged "property damage" as defined in the Policy, such alleged damage was to settlement funds which were in the care, custody or control of Mr. Skouteris, acting as an attorney and as an agent of Skouteris Walk, and which the Laverdet Complaint alleges Mr. Skouteris and Skouteris Walk were obligated to "safeguard" as "attorney-client trust funds."

76. To the extent the May/Cain Suit seeks damages for alleged "property damage" as defined in the Policy, such alleged damage was to settlement funds which were in the care, custody or control of Mr. Walk, Mr. Skouteris, and Skouteris Walk.

77. American Economy is therefore entitled to a declaration that there is no coverage for any claims against Skouteris Walk or any claims against Mr. Skouteris in the Laverdet Suit, and that American Economy has no duty to defend Skouteris Walk or Mr. Skouteris in the Laverdet Suit.

78.     American Economy is also entitled to a declaration that there is no coverage for any claims against Skouteris Walk, Mr. Skouteris, or Mr. Walk in the May/Cain Suit, and that American Economy has no duty to defend Skouteris Walk, Mr. Skouteris, or Mr. Walk in the Skouteris Suit.

79.     American Economy continues to rely upon each and every term and condition of the Policy, and further reserves the right to amend this Petition as discovery progresses in this case.

**WHEREFORE**, American Economy Insurance Company ("American Economy") respectfully demands that judgment be entered against the Defendants as follows:

(1)     Declaring that American Economy has no obligation to defend or indemnify Skouteris Walk, PLLC or Michael Skouteris in connection with the Laverdet Suit;

(2)     Awarding American Economy reimbursement of all attorney's fees and defense costs incurred by it on behalf of Skouteris Walk, PLLC in connection with the Laverdet Suit;

(3)     Awarding American Economy its costs and attorney's fees (to the extent allowed by law); and

(4)     Awarding American Economy any and all other relief to which it may appear to be entitled.

Respectfully submitted,

FROST BROWN TODD LLC

 s/ Jason M. Bergeron
Jason M. Bergeron ((BPR No. 023507)
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
Phone: (615) 251-5550 / Fax: (615) 251-5551
jbergeron@fbtlaw.com
*Counsel for American Economy Insurance Company*

0000T69.0636217  4814-8230-0211v1

- 18 -