IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SKOUTERIS WALK, PLLC, WILLIAM B. )<br>WALK, JR., MICHAEL C. SKOUTERIS, )<br>MARCI LAVERDET and DARLINE MAY, )<br>)<br>Defendants. ) | No. 16-cv-2494-SHL-cgc |

**DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL C. SKOUTERIS AND DARLINE MAY**

**JUDGMENT BY COURT**.  This action having come before the Court on Plaintiff's Petition for Declaratory Judgment (ECF No. 1), filed on June 23, 2016.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**, that, in accordance with the Order Granting Motion for Default Judgment Against Defendants Michael C. Skouteris and Darline May (ECF No. 33) entered on October 28, 2016:

> 1. The Court finds, as a matter of law, that the relevant language in the Policies is unambiguous and that the claims against Skouteris in the Laverdet Suit and the May/Cain Suit are not potentially covered under the Policies.
>
> 2. Neither the Laverdet Suit nor the May/Cain Suit seeks damages against Skouteris because of "bodily injury" or "property damage," as those terms are defined in the Policies.  "Property damage" is limited to physical injury to, or loss of use of, tangible property.  The claims against Skouteris in both the Laverdet Suit and the May/Cain Suit seek damages because of Skouteris' alleged misappropriation of client settlement funds, which are intangible – not tangible – property.
>
> 3. Neither the Laverdet Suit nor the May/Cain Suit alleges damages caused by an "occurrence," further defined in the Policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  The claims against Skouteris in both the Laverdet Suit and the May/Cain Suit allege damages caused by Skouteris' intentional conduct, *i.e.*, his alleged conversion or misappropriation of client settlement funds.  Those claims do not allege an "occurrence" and, moreover, are subject to the Policies'

specific exclusion for damage "expected or intended from the standpoint of the insured."

4. The Policies also exclude from coverage damage "caused by the rendering or failure to render any professional service," expressly including legal services. The claims in both the Laverdet Suit and the May/Cain Suit allege damages resulting from Skouteris' services as an attorney. Both underlying suits allege Skouteris misappropriated client settlement funds, which were entrusted to Skouteris in connection with civil litigation in which he was an attorney of record. Thus, the "professional services" exclusion would preclude coverage for the claims against Skouteris in the Laverdet Suit and the May/Cain Suit, even if the underlying complaints had alleged "property damage" caused by an "occurrence" and no other exclusions applied.

5. The Policies' exclusion for damage to "[p]ersonal property in the care, custody or control of the insured" would also independently preclude coverage for the claims against Skouteris in the Laverdet Suit and the May/Cain Suit. Both underlying complaints allege the loss of settlement funds that were within Skouteris' care, custody and control. Indeed, Skouteris' direct exercise of control over the funds is inherent in the allegations that he misappropriated those funds for his personal use.

6. Accordingly, based on the allegations in the underlying complaints and the unambiguous language in the Policies, the Court finds that the Policies do not potentially cover the claims against Skouteris in the Laverdet Suit or the May/Cain Suit

**APPROVED**:

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

October 31, 2016
Date